JOSEPH W. LUCE *vs.* CORINNA SEED POTATO FARMS, INC.

Penobscot.    Opinion August 11, 1926.

*Finding of a jury on questions of fact when submitted with proper instructions must be binding upon the parties, unless such finding was clearly wrong because based upon bias, prejudice, or plain misunderstanding of the evidence and the law governing the case.*

In this case a remittur as indicated in opinion will overrule the motion for new trial, otherwise new trial granted.

On motion for new trial by defendant.    An action in assumpsit to recover for 660 5/11 barrels of potatoes.    The general issue was pleaded and defendant contended that the action was founded on an express contract and not on an implied one, hence should not be maintained.    A verdict of $1,803.60 was rendered for plaintiff and defendant filed a general motion for a new trial.    If a remittur be filed motion overruled, otherwise a new trial granted.

The case fully appears in the opinion.

*William Cole*, for plaintiff.

*John S. Williams and William B. Peirce*, for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

PHILBROOK, J.   This is an action in assumpsit on an account annexed to recover payment for six hundred sixty and five elevenths (660 5/11) barrels of potatoes which plaintiff claims were sold and delivered to the defendant.   The price per barrel, as charged by the plaintiff, is eight dollars, making a gross debit of five thousand two hundred eighty-three dollars and sixty-four cents, ($5,283.64). Credits given amount to one thousand four hundred ninety-six dollars and seventy cents, ($1,496.70), leaving a balance of three thousand seven hundred eighty-six dollars and ninety-four cents, ($3,786.94).

The jury returned a verdict in favor of the plaintiff in the sum of one thousand eight hundred three dollars and sixty cents, ($1,803.60). The case is before us upon defendant's motion for new trial based upon the four customary grounds, viz., that the verdict is against law, against evidence, against weight of evidence, and that the damages are excessive.

The defense is twofold. *First,* that the plaintiff, by setting forth three counts in his declaration, viz., (a) account annexed for goods sold and delivered, (b) quantum meruit, (c) omnibus count, is seeking to recover upon an implied contract, whereas in fact and in truth, as defendant claims, there was an express contract between the parties which was recognized, accepted, and operated under by both of them, and by which the plaintiff was bound; hence that there could be no implied contract, under the familiar legal principle that where an express contract exists there can be no implied contract. *Broom's Legal Maxims,* 7 Am. Ed., 651; *Holden Steam Mill Co.* v. *Westervelt,* 67 Maine, 446; *Prest* v. *Farmington,* 117 Maine, 348. *Second,* that the damages assessed by the jury were excessive.

*Express Contract.* The plaintiff is a farmer, owning and operating a farm at North Newport, Maine. The defendant is a corporation, having its main office at 990, Noble Avenue, Bridgeport, Connecticut. In the latter days of December, 1924, or the early days of January, 1925, Mr. J. E. Sullivan, farm superintendent for the defendant, prepared a written contract to be executed by the parties hereto, which the plaintiff signed. This contract was then sent to the Bridgeport office of the defendant where it was held until the spring months of 1925. Bearing the signature of the defendant, it was returned to the plaintiff in May, but the latter said he did not then like it, because of changes made in it and would not have anything to do with it. When signed by the plaintiff it provided, among other things, that the plaintiff was to plant twenty acres of potatoes on his farm, to do all the labor in preparing the land for planting, to haul the fertilizer, seed and spray materials, and to cultivate, spray, dig, harvest, and deliver the crop to the defendant. When thus delivered, one half of the same was to become the property of the defendant and the other half was to be the property of the plaintiff. Still referring to the contract as signed by the plaintiff, it was therein provided that the defendant was to furnish the plaintiff one hundred twenty barrels of seed potatoes, and that the plaintiff, out of the half crop belonging

to him, was to deliver to the defendant one half that amount, or sixty barrels, to replace the seed thus furnished by the defendant.     When the contract was returned to the plaintiff the defendant had changed the figures so that one hundred forty barrels of seed was to be furnished by the defendant and the plaintiff was required to replace all that amount, namely one hundred forty barrels.     It must be conceded that the changes made at the Bridgeport office, after Mr. Luce had signed the contract, were material and important.     Notwithstanding that fact, did the minds of the parties meet, with reference to the terms of the written contract, after the changes were made? The defendant answers the question in the affirmative.     The plaintiff answers in negative and further contends that, whatever took place between the parties thereafter, grew out of the earlier attempt to contract in writing and that having performed labor required of him, and having delivered the potatoes to the defendant, and the latter having accepted them, an action of assumpsit will lie to recover the fair market value of the same.

Whether a contract was entered into by the plaintiff and the defendant, and the terms thereof if made, were questions of fact for the jury, and when submitted with proper instructions as to the force and effect of the testimony, the acts and conduct of the parties, the degree of credit to be given to witnesses, and the explanations of their acts and conduct, the finding of the jury must be binding upon the parties, and the court should not substitute its judgment for that of the jury, unless such finding was clearly wrong because based upon bias, prejudice, or plain misunderstanding of the evidence and the law governing the case.     *Darling* v. *Bradstreet,* 113 Maine, 136. No exceptions were taken to the charge of the presiding Justice and we must assume that his instructions were complete and correct.     In order to arrive at the verdict which was rendered the jury must have found that the minds of the parties did not meet, with reference to the alleged written contract, and that an implied contract to pay for the potatoes did exist.     We do not find competent reason to set aside the jury verdict and the first ground of defense cannot prevail.

*Excessive damages:*     From such evidence as we find in the record we are of opinion that the fair market value of the potatoes at the various times of delivery did not exceed four dollars and fifty cents per barrel.     At this price the proper debit would be $2,972.05. Deducting the admitted credits, $1,496.70, we have a balance of

$1,475.35, which, with interest thereon from date of writ to date of judgment, the plaintiff may recover. If, therefore, the plaintiff remits all his verdict in excess of the sum thus indicated, within thirty days after date of mandate, the motion for new trial is to be overruled, otherwise new trial granted.

*So ordered.*