RINALDO A. L. COLBY

*vs.*

JESSE TARR & DEPOSITORS TRUST CO., TRUSTEE.

Sagadahoc.   Opinion, June 27, 1945.

*McLean, Southard, & Hunt,* for the plaintiff.

*Edward W. Bridgham,*

*Harold J. Rubin,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. The plaintiff alleged in an action of trespass that the defendant entered upon his land and cut oak trees thereon. The jury returned a verdict for the defendant. The defendant admitted the entry upon the premises and the cutting; but claimed that it was through permission of the plaintiff by reason of a contract by which he bought the growing trees with a right to cut and remove the same. The plaintiff denied that there was a contract and the burden was upon the defendant to satisfy the jury of the same. Such a contract was a defense to the action; but all of its terms were not essential in consideration of the matter. It was sufficient if it appeared that the minds of the parties met to the extent that the defendant was to go upon the land for the purpose of cutting the trees.

The defendant testified to a conversation between himself and the plaintiff, according to which the trees were sold to him. The plaintiff claims that the testimony of the defendant did not constitute competent evidence in that he gave two versions of the alleged contract and that therefore his testimony should have been disregarded.

It is true that the testimony of a witness may be so unreasonable and contradictory in its parts that it is entitled to no credit. *Garmong* v. *Henderson,* 114 Me., 75; 95 A., 409; *Rovinsky* v. *Assurance Co.,* 100 Me., 112, 60 A., 1025. But we find no such situation in the present case.

A witness does not always use language with such literal exactness that his meaning must be determined without consideration of the circumstances which are found to exist. Whether the testimony of the defendant affected his credibility and the probative force of such testimony were for the determination of the jury. *Jackiewicz* v. *Mallick,* 126 Me., 602, 138 A., 627; *Frye* v. *Kenney,* 136 Me., 112, 3 A., 2d., 433.

The verdict depended upon whether there was a contract of sale, and it was the jury's province to answer that ques-

tion. *Wigmore on Evidence*, Sec. 2556; *Luce* v. *Potato Farms*, 125 Me., 386, 134 A., 198; *Gassett* v. *Glazier*, 165 Mass., 473, 43 N. E., 193.

The entry must be

*Motion overruled.*